[Cite as *State v. Eaton*, 2015-Ohio-3873.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 100147**

---

# STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

# NATHANIEL EATON

DEFENDANT-APPELLANT

---

**JUDGMENT:**
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-12-564360

**BEFORE:** Keough, P.J., Boyle, J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** September 24, 2015

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
By: Cullen Sweeney
Assistant Public Defender
310 Lakeside Avenue
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
By: Brett Hammond
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

KATHLEEN ANN KEOUGH, P.J.:

{¶1} Defendant-appellant Nathaniel Eaton ("Eaton") appeals the trial court's judgment sentencing him to twelve years in prison. He argues that the trial court erred in sentencing him to consecutive prison terms on allied offenses, and that his trial counsel was ineffective for not raising the allied offenses issue at sentencing. Finding no merit to the appeal, we affirm.

## I. Background

{¶2} Eaton was charged with codefendant Robert Jackson in a four-count indictment related to the death of Leon Curry as follows: Count 1, aggravated murder in violation of R.C. 2903.01(B); Count 2, murder in violation of R.C. 2903.02(B); Count 3, aggravated robbery in violation of R.C. 2911.01(A)(3); and Count 4, felonious assault in violation of R.C. 2903.11(A)(1). Each count also included a repeat violent offender specification and notice of prior conviction specification.

{¶3} Eaton subsequently pleaded guilty to involuntary manslaughter as amended in Count 2, and aggravated robbery as charged in Count 3. The state dismissed the remaining counts and all specifications.

{¶4} At the sentencing hearing, the trial court sentenced Eaton to nine years on Count 2, involuntary manslaughter, and three years on Count 3, aggravated robbery, to be served consecutively for a total of twelve years.

Defense counsel did not raise the issue of allied offenses at sentencing, and the court did not inquire whether the offenses were subject to merger.

{¶5} This court subsequently granted Eaton's motion for delayed appeal. His appointed counsel then filed an *Anders* brief and moved to withdraw as counsel. This court granted the motion to withdraw pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and directed Eaton to file a pro se brief if he chose to do so.

{¶6} After Eaton filed a six-sentence brief, this court granted the state's motion to dismiss and instructed Eaton to file a brief in compliance with the appellate rules. When he failed to file a new brief by the deadline, this court dismissed the appeal. Subsequently, Eaton, represented by counsel, filed an application to reopen his appeal because of ineffective assistance of appellate counsel. This court granted the application, finding that appellate counsel was ineffective for not considering the allied offenses argument as a possible assignment of error.

## II. Analysis

{¶7} Eaton pled guilty to involuntary manslaughter in violation of R.C. 2903.04(A), which provides that "[n]o person shall cause the death of another * * * as the proximate result of the offender's committing or attempting to commit a felony." He also pled guilty to aggravated robbery in violation of R.C. 2911.01(A)(3), which states that "[n]o person, in attempting or committing

a theft offense, * * * shall inflict, or attempt to inflict serious physical harm on another."

{¶8}  In his first assignment of error, Eaton contends that the trial court erred   in imposing consecutive sentences, in violation of R.C. 2941.25, because his crimes were allied offenses of similar import that should have merged for sentencing.   In his second assignment of error, Eaton contends that the trial court committed reversible error because it failed to inquire whether the offenses merged for sentencing.

{¶9} Because Eaton did not raise the issue of allied offenses in the trial court, we review for plain error:

> An accused's failure to raise the issue of allied offense of similar import in the trial court forfeits all but plain error, and a forfeited error is not reversible error unless it affected the outcome of the proceeding and reversal is necessary to correct a manifest miscarriage of justice.   Accordingly, an accused has the burden to demonstrate a reasonable probability that the convictions are for allied offenses of similar import committed with the same conduct and without a separate animus; and, absent that showing, the accused cannot demonstrate that the trial court's failure to inquire whether the convictions merge for purposes of sentencing was plain error.

*State v. Rogers*, Slip Opinion No. 2015-Ohio-2459, ¶ 3.

{¶10} R.C. 2941.25 provides that:

> (A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶11} Recently, in *State v. Ruff*, 143 Ohio St.3d 114, 2015-Ohio-995, 34 N.E.3d 892, the Supreme Court of Ohio clarified how courts are to determine whether offenses are allied. The Supreme Court noted that the allied-offenses analysis is dependent upon the facts of a case because R.C. 2941.25 focuses on the defendant's conduct. *Id.* at ¶ 26. Nevertheless, conduct is but one factor to consider when determining whether offenses are allied. *Id.* at ¶ 21. The court explained:

As a practical matter, when determining whether offenses are allied offenses of similar import within the meaning of R.C. 2941.25, courts must ask three questions when defendant's conduct supports multiple offenses: (1) Were the offenses dissimilar in import or significance? (2) Were they committed separately? and (3) Were they committed with separate animus or motivation? An affirmative answer to any of the above will permit separate convictions. The conduct, the animus, and the import must all be considered.

*Id.* at ¶ 31.

{¶12} With respect to import, the Supreme Court explained that offenses are of dissimilar import "if they are not alike in their significance and their resulting harm." *Id.* at ¶ 21. Thus, "two or more offenses of dissimilar import exist within the meaning of R.C. 2941.25(B) when the defendant's conduct

constitutes offenses involving separate victims or if the harm that results from each offense is separate and identifiable." *Id.* at ¶ 26.

{¶13} The Supreme Court noted in *Ruff* that the evidence at trial or during a plea or sentencing hearing will reveal whether the offenses have similar import. *Id.* At sentencing in this case, the trial court stated that it had reviewed Eaton's presentence investigation report ("PSI"). The PSI indicated that Bradford Monroe told the police that he and Curry were walking to the store around 10:50 a.m. on June 26, 2012 when two men, later identified as Eaton and Jackson, walked toward them. According to Monroe, when Curry asked Jackson for a quarter, Jackson and Eaton became irate and began verbally berating him, and eventually Jackson, and then Eaton, struck Curry in the face. Curry fell backwards, striking his head on the ground. Monroe said that as Curry lay on the ground, Eaton and Jackson reached in his pants pockets and removed his cell phone, and then fled the scene on foot. Curry was taken to the hospital where he later died; the coroner ruled the death a homicide caused by blunt force trauma to the back of his head and brain bruising.

{¶14} The PSI indicated that Eaton's version of the events was different than Monroe's: he said that when he arrived on the scene, he found Jackson fighting with Curry. He denied hitting Curry but said that he saw him hit the

ground, and he admitted that he went through Curry's pockets as he lay on the ground.

{¶15} The trial court heard from defense counsel at sentencing. One of Eaton's lawyers told the trial court that Eaton tried to intervene in the dispute between Curry and Jackson, and Jackson then hit Curry. Defense counsel said that Eaton stole Curry's cell phone after he had fallen, and then called the police and his girlfriend from that phone. Counsel told the court that "there's no real rendition that it was his purpose to steal money from the victim."

{¶16} Eaton's other lawyer informed the trial court that the witnesses' versions of what happened were inconsistent: one said both Eaton and Jackson had struck the victim; another said only one person hit Curry; and Jackson told the police that he did not think that Eaton had struck Curry. Defense counsel also told the court that "the facts generally indicate that the purpose of their encounter with him was not to rob him, though we stand here having pled to that * * *."

{¶17} Eaton spoke at sentencing and told the trial court that he arrived on the scene when Curry and Jackson were arguing, and he saw Jackson hit Curry. He denied throwing any punches at Curry, but admitted that he took Curry's cell phone while he was on the ground; he said he used it to first call the police and then his girlfriend.

{¶18} The prosecutor informed the court that Curry's cell phone records indicated that Eaton called his girlfriend at 11:22 a.m. from Curry's phone and did not call the police until one hour and eight minutes later. The prosecutor conceded that it could be open to dispute as to whether Eaton hit Curry, but reminded the court that Eaton and Jackson had given varying accounts to the police of what had transpired during their encounter with Curry.

{¶19} On this record, Eaton has failed to meet his burden of demonstrating that the court's failure to merge the offenses was plain error. Monroe said that Eaton and Jackson became irate after Curry asked Jackson for a quarter, and then both men punched Curry in the face. He said that the men took Curry's cell phone as he lay on the ground after striking his head. In light of Monroe's statement, the trial court could reasonably infer that when Eaton hit Curry, he did so because he was irritated at Curry's request for money, not because he intended to hurt him in order to rob him, and that he only decided to take Curry's cell phone after he saw him lying on the ground. Thus, even assuming the offenses arose from the same conduct, the evidence demonstrated that the offenses were not committed with the same animus. Accordingly, the crimes were committed separately for purposes of R.C. 2941.25, and the trial court did not err in sentencing Eaton to consecutive sentences. *Ruff*, 2015-Ohio-995 at ¶ 31.

**{¶20}** Likewise, because Eaton has not met his burden as set forth in *Rogers* of demonstrating a reasonable probability that his convictions are for allied offenses of similar import committed without a separate animus, he cannot demonstrate that the trial court's failure to inquire whether the convictions merged for sentencing was plain error. The first and second assignments of error are therefore overruled.

**{¶21}** In his third assignment of error, Eaton contends that his trial counsel was ineffective for not raising the allied offenses issue in the trial court. In order to prove ineffective assistance of counsel, a defendant must show that trial counsel failed to perform his duties reasonably, and that but for trial counsel's unprofessional errors, the outcome of the trial probably would have been different. *State v. Smith*, 8th Dist. Cuyahoga No. 65636, 1994 Ohio App. LEXIS 4375 (Sept. 29, 1994), citing *Strickland v. Washington*, 466 U.S. 668, 693, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). As discussed above, Eaton's offenses are not allied. Hence, any attempt by trial counsel to raise the issue of allied offenses would have been unsuccessful. An attorney's failure to raise a losing issue is not ineffective representation. *State v. McGuire*, 80 Ohio St.3d 390, 398, 686 N.E.2d 1112 (1997). Because the outcome of the case would not have been different had trial counsel raised the issue of allied offenses, we find no ineffective assistance of counsel. The third assignment of error is overruled.

**{¶22}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

KATHLEEN ANN KEOUGH, PRESIDING JUDGE

MARY J. BOYLE, J., and
ANITA LASTER MAYS, J., CONCUR